IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW A. DAVIS, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-cv-206-MJR |
| WARDEN DONALD HULICK, *et al.*, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate at the Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive and damages relief for alleged violations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Plaintiff alleges that on October 18, 2006, while confined at the Menard Correctional Center (Menard), Defendants Richards, Witthoft, and Carter slammed his head against a concrete wall, punched him in the stomach, twisted his arms while they were handcuffed behind his back, and stepped on his leg shackles causing cuts in his ankles. Plaintiff claims that these Defendants used excessive force against him in violation of the Eighth Amendment.

Plaintiff further alleges that on October 18, 2006, Defendant Hulick classified him as a "Level E Extreme High Escape Risk." As a result of this classification, Plaintiff was subject to more restrictions and limitations than inmates in general population. Plaintiff contends that his classification was based on an allegation - later proved to be false - that Plaintiff had participated with two other prisoners in an escape scheme in June 2006. Plaintiff asserts that one of the other prisoners alleged to be involved in the escape - inmate Alsup - is also confined at Menard, but is not classified as a "Level E Extreme High Escape Risk." Plaintiff contends that the second inmate alleged to have been involved in the escape - who is not named - is also not classified as a "Level E" inmate. Because the other prisoners allegedly involved in the escape scheme are not classified as "Level E" inmates, Plaintiff claims that his classification as a "Level E" inmate violates the Fourteenth Amendment's Equal Protection clause.

## DISCUSSION

Plaintiff's Eighth Amendment claims against Defendants Richards, Witthoft, and Carter survive review under 28 U.S.C. § 1915A and should not be dismissed at this time.

Plaintiff's Equal Protection claim, however, should be dismissed. A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state

officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987); *citing Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982). The Seventh Circuit has stated:

> "[I]solated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980). At most plaintiff demonstrated "a mere inconsistency in prison management (which) may not in itself constitute a cognizable equal protection claim." *Durso v. Rowe*, 579 F.2d 1365, 1372 (7th Cir. 1978). In the context of this case, plaintiff had to do more than establish a reasonable probability that he was the victim of an erroneous decision; he had to establish a reasonable likelihood that state officials had purposefully and intentionally discriminated against him[.]"

*Shango*, 681 F.2d at 1104.

In the case at hand, Plaintiff has alleged only an isolated event - his own classification as a "Level E" inmate. This classification is only inconsistent with the classification levels of just two other inmates confined by the Illinois Department of Corrections. As in *Shango*, without more, such mere inconsistency is not itself a cognizable equal protection. Plaintiff does not allege (and there are no other facts from which the Court can infer) that Defendant Hulick "purposefully and intentionally discriminated" against Plaintiff in the classification process. Therefore, Plaintiff's Equal Protection claim against Defendant Hulick should be dismissed.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's Equal Protection claim against Defendant Hulick is **DISMISSED**.

**IT IS FURTHER OREDERED** that because no other claims are asserted against him, Defendant Hulick is **DISMISSED** as a Defendant in this case.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form

for defendants **RICHARDS, WITTHOFT, and CARTER** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff ## USM-285 forms with Plaintiff's copy of this Memorandum and Order. **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **RICHARDS, WITTHOFT, and CARTER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **RICHARDS, WITTHOFT, and CARTER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

4

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants **RICHARDS, WITTHOFT, and CARTER** are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42

U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 22nd day of September, 2008.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**