# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW A. DAVIS, )
)
    Plaintiff, )
) Case No. 08-cv-206-MJR-PMF
vs. )
)
STEVEN RICHARDS, et al., )
)
    Defendants. )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 20). In this § 1983 action, plaintiff Matthew A. Davis challenges the treatment he experienced upon his arrival at Menard Correctional Center. The motion targets Davis' claim that he was subjected to excessive force in October, 2006.

The defendants assert the affirmative defense that Davis failed to exhaust his administrative remedies. The motion is opposed (Doc. No. 23). A hearing was held on June 11, 2009.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### I. Exhaustion of Administrative Remedies

A prisoner must exhaust all available administrative remedies before he can bring a civil-rights action in federal court challenging any aspect of prison life. 42 U.S .C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Obriecht v. Raemisch*, 517 F.3d 489, 492 (7th Cir. 2008). A remedy is available so long as an administrative procedure can lead to some relief, even if it is not the precise relief the inmate wants. *See Booth v. Churner*, 532 U.S. 731, 741 & n. 6 (2001); *Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir. 2001).

A uniform procedure governs grievances by inmates confined in Illinois. In this situation, the inmate must try to resolve the issue with a counselor. If this informal process does not get results, the prisoner may file a written grievance within sixty days after he/she discovers the problem. 20 Ill. Admin. Code § 504.810(a). A grievance officer reviews the formal submission and makes a recommendation to the institution's warden. An adverse decision may be challenged by addressing an administrative appeal to the Administrative Review Board (ARB), which then makes a recommendation to the Director of the Department of Corrections for final decision. *Id.* at § 504.850(a), (b), (f).

There are some circumstances where the administrative remedy is not available. For example, when an inmate does all he or she can do to utilize the remedy process and no response is provided. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). When administrative remedies have not been exhausted, the Court considers whether the inmate should go back and exhaust, or must be given another opportunity to exhaust, or is the one at fault. *Pavey v. Conley*, 528 F.3d 494, 497-98 (7th Cir. 2008).

Davis began the grievance procedure on October 21, 2006. At that time, he was confined

to a closed-front cell in the prison's segregation unit. He used the proper form and prepared a written summary describing excessive force by three correctional officers on October 18, 2006. Davis placed the grievance in the door of his cell, which is the usual method for inmates confined to the segregation unit to gain access to the institution mail system. Typically, grievance forms collected from a cell are routed to a counselor for a response. Davis' grievance was collected by a correctional officer. Due to his segregation status, he was not able to personally deposit the grievance in a mailbox or deliver it to a counselor. Davis had no control over the grievance after it was collected by the correctional officer.

Davis spoke with Ms. Regina Summers, a counselor, on October 25, 2006. He did not mention his October 21, 2006, grievance because he did not expect a quick response. Often, weeks or months pass before counselors find time to respond to an inmate's grievance.

On March 12, 2009, Davis received a response from James Ryan regarding a different grievance. He learned from Ryan's response that Ryan had not received Davis' October 21, 2006, grievance. By the time Davis learned that his grievance had been lost or mishandled, more than 60 days had expired, exceeding the deadline for a timely grievance. In these circumstances, Davis' obligation under the grievance process is unclear. He might have been permitted to submit a second, late, grievance but had no obligation or instruction to do so. The defendants represent that a late grievance would be accepted and processed at this time if the Court so directs.

In sum, Davis did his part by initiating the grievance process. He did not complete the process through the last step because his grievance was lost or mishandled after it left his control. A counselor never received the grievance. Because the fault does not lie with plaintiff, the Illinois Department of Corrections will consider a late grievance at this time.

**II.     Conclusion**

IT IS RECOMMENDED that defendants' motion (Doc. No. 20) be GRANTED as follows. This action should be DISMISSED for failure to exhaust administrative remedies. Because the fault does not lie with Davis, the order of dismissal should be WITHOUT PREJUDICE to his right to re-file this action after the Illinois Department of Corrections gives him another opportunity to exhaust his administrative remedies.

**SUBMITTED:   July 7, 2009  .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**